Anthony Costaro et al., Plaintiffs, *v.* Joseph Simons, as President of Newspaper & Mail Deliverers' Union of New York and Vicinity, et al., Defendants.

Supreme Court, Special Term, Queens County, December 1, 1949.

*Bandler, Haas & Kass* for Rockaway News Supply Co., Inc., defendant.

*Warner & Birdsall* for plaintiffs.

Colden, J. Motion by defendant Rockaway News Supply Co., Inc. (hereafter " employer ") for judgment dismissing the complaint as to it, upon the ground that this court has not jurisdiction of the subject matter of the action, in that the matters complained of and the relief sought are exclusively within the jurisdiction of the National Labor Relations Board.

The complaint alleges that prior to October 25, 1948, the defendant union was the representative selected for collective bargaining by a majority of the employees of the defendant employer and, as such, was the exclusive representative of all of the employees of the employer, including the plaintiffs; that on said date the union, as such collective bargaining agent, and

the employer entered into an agreement which failed to protect the seniority rights and tenure of the plaintiffs and which permitted new employees to acquire rights of employment superior to those of the plaintiffs. The complaint further alleges that the plaintiffs were employed in various capacities, that they are qualified to perform their duties, that they are not members of the defendant union but are all ready to join, and that the defendant union will not admit them to membership although they are willing to pay the initiation fees and dues. It is further alleged that the union violated its duty as agent of the plaintiffs by entering into such contract which failed to protect their seniority rights and tenure; that the employer acted in collusion with defendant union; that defendant union has threatened to cause the discharge of the plaintiffs; that the employer has threatened to discharge the plaintiffs; and that plaintiffs are thereby threatened with irreparable damage for which they have no adequate remedy at law.

On the authority of *Clark* v. *Curtis* (297 N. Y. 1014), which seems to be controlling, this court has jurisdiction of the subject matter of this action. Since that case was decided by the Court of Appeals on May 21, 1948, the Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 141 *et seq.*) was presumably considered by the court. Accordingly, the motion is denied. Submit order.